UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SHELDON WILSON,                                                         :
                                                                        :
                              Plaintiff,                                :     12 Civ. 8499 (JMF)
                                                                        :     13 Civ. 183 (JMF)
              -v-                                                       :
                                                                        :     MEMORANDUM OPINION
TRIBECA GRAND HOTEL,                                                    :     AND ORDER
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Sheldon Wilson, proceeding *pro se*, has filed two lawsuits against his former employer, Defendant Tribeca Grand Hotel, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  In the first, filed on November 19, 2012, Wilson originally alleged only a retaliation claim, but he has since amended his complaint to add a claim of discrimination under Title VII as well as claims under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 *et seq.*  (12 Civ. 8499 Docket Nos. 2, 30).[1]  In the second, filed on January 2, 2013, Wilson alleges only discrimination in violation of Title VII.  (13 Civ. 183 Docket Nos. 2, 9).  In both cases, Defendant now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Wilson's discrimination claims as untimely.  (12 Civ. 8499 Docket Nos. 26, 37; 13 Civ. 183 Docket No. 13).  Defendant does not move to dismiss Wilson's

---

[1]     Wilson's Third Amended Complaint added several individual Defendants.  By Order dated September 16, 2013 (12 Civ. 8499 Docket No. 34), the Court indicated that it would defer decision on whether to grant Plaintiff leave to add additional parties until after it had decided the present motions to dismiss.

retaliation claim or his claims under the New York City and State Human Rights Laws. (12 Civ. 8499 Docket No. 37).

In order to pursue a Title VII claim in federal court, a plaintiff must file his or her complaint within ninety days of receipt of a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"). *See, e.g.*, *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1)). There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice. *See, e.g.*, *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984)). There is a further presumption that a mailed document is received three days after its mailing. *See id.* at 525. The failure to bring a claim within the time limits set by Title VII ordinarily precludes a plaintiff from pursuing that claim in federal court, but the statute's filing requirements are not jurisdictional and, like statutes of limitations, are subject to equitable tolling. *See, e.g.*, *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

Applying those principles here, Wilson's discrimination claims are untimely. Wilson filed his discrimination claim with the EEOC on or about May 13, 2011 (13 Civ. 183 Docket No. 2, § III.A), and the EEOC issued a right-to-sue notice on July 27, 2011. (13 Civ. 183 Docket No. 14, Ex. B, at 7). To be timely, therefore, Wilson would have had to file his complaint by October 28, 2011. But he did not file his discrimination claim in 13 Civ. 183 until January 2, 2013, and he did not amend his complaint in 12 Civ. 8499 to include the discrimination claim until July 30, 2013 (12 Civ. 8499 Docket No. 23) — both of which were long after the ninety-day deadline under Title VII. As a matter of fact, when Wilson first filed his discrimination claim, in 13 Civ. 183, he included a letter acknowledging that it was "[l]ong over due past the

date" and apologizing "for the big delay" (which he attributed to his expecting a baby soon).  (13 Civ. 183 Docket No. 2, at 5).

Further, there is no basis for equitable tolling.  In February 2012, Wilson did write to the *Pro Se* Office of the Court indicating that he had filed a discrimination complaint "in the middle of October 2012" (presumably meaning 2011), but had not received any response.  (13 Civ. 183 Docket No. 14, Ex. B, at 9).  By letter dated March 21, 2012, however, the *Pro Se* Office informed Wilson that it had "no record of receiving a complaint" from him.  (13 Civ. 183 Docket No. 14, Ex. B, at 8).  Additionally, the *Pro Se* Office enclosed forms for Wilson to use to file a new complaint.  (*Id.*).  Nevertheless, Wilson waited more than another nine months before he filed his discrimination claim in 13 Civ. 183 (at which point, as noted, he conceded that it was "Long over due past the date"), and more than sixteen months before he filed it in 12 Civ. 8499.  Given that lack of due diligence, the Court cannot say that these cases present the "rare and exceptional circumstance[s]" that would justify equitable tolling.  *Zerilli-Edelglass*, 333 F.3d at 80 (internal quotation marks omitted); *see also id.* at 80-81 ("When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." (internal quotation marks omitted)).

For the foregoing reasons, Defendants' motions to dismiss Wilson's discrimination claims are GRANTED.  Accordingly, the Amended Complaint in 12 Civ. 8499, is dismissed in part, and the Amended Complaint in 13 Civ. 183 is dismissed in its entirety.  Further, Wilson is GRANTED leave, *nunc pro tunc*, to add the new individual Defendants named in the Third Amended Complaint in 12 Civ. 8499 (Docket No. 30), except that to the extent he brings claims

under Title VII against such Defendants, those claims are dismissed.  *See, e.g.*, *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("[U]nder Title VII individual supervisors are not subject to liability.").

The Clerk of Court is directed to (1) close 13 Civ. 183; (2) terminate Docket No. 26 in 12 Civ. 8499 and Docket No. 13 in 13 Civ. 183; (3) add as Defendants in 12 Civ. 8499 the individuals named in the Third Amended Complaint (Docket No. 30); and (4) mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: November 8, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge